UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

Alsen Chance Holdings Limited                                    Chapter 15

Debtor in a Foreign Proceeding.                                  Case No.: 24-11465

_____/

In re:

Blackrock Commodities (Global) Limited                           Chapter 15

     Debtor in a Foreign Proceeding.                              Case No.:  24-11466

_____/

In re:

Aabar International Investments PJS Limited                       Chapter 15

     Debtor in a Foreign Proceeding.                              Case No.: 24-11467

_____/

In re:

Platinum Global Luxury Services Limited                          Chapter 15

     Debtor in a Foreign Proceeding.                              Case No.: 24-11468

_____/

In re:

1MDB Energy Holdings Limited                                     Chapter 15

     Debtor in a Foreign Proceeding.                              Case No.:  24-11469

_____/

## MOTION FOR ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDINGS PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE[1]

---

[1]    Concurrent with this Motion, the Foreign Representatives filed a Motion seeking reassignment of these cases to the Honorable Robert A. Mark, as the Debtors (as defined below) formed part of the well-known fraud known as the 1MDB Fraud, and there are various Chapter 15

Angela Barkhouse and Toni Shukla, the Liquidators of Alsen Chance Holdings Limited, Blackrock Commodities (Global) Limited, Aabar International Investments PJS Limited, and Platinum Global Luxury Service Limited, and Angela Barkhouse, Toni Shukla and Carl Jackson, the Liquidators of 1MDB Energy Holdings Limited, file this *Motion for Order Granting Recognition of Foreign Main Proceedings Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion").  The Motion seeks entry of an Order granting (i) recognition, pursuant to 11 U.S.C. § 1517[2], of the liquidation proceedings of the Debtors[3] (the "Debtors' Liquidations") pending in the British Virgin Islands (the "BVI"); (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further relief which may be available to the Joint Liquidators[4] under the Bankruptcy Code.  In support of the Motion, the JLs respectfully state as follows:

## **PRELIMINARY STATEMENT**

1.    The Liquidators filed the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") pursuant to section 1504 seeking recognition of the Debtor's

---

cases pending before Judge Mark which involve other companies in foreign liquidations that were part of the same fraud.

[2]  Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

[3]  The "Debtors" refer to Alsen Chance Holdings Limited ("Alsen Chance"), Blackrock Commodities (Global) Limited ("Blackrock"), Aabar International Investments PJS Limited ("Aabar International"), Platinum Global Luxury Service Limited ("Platinum Global"), and 1MDB Energy Holdings Limited ("1MDB Energy").

[4]  The "Liquidators" refer to Angela Barkhouse and Toni Shukla as Liquidators of Alsen Chance Holdings Limited, Blackrock Commodities (Global) Limited, Aabar International Investments PJS Limited, and Platinum Global Luxury Service Limited, and Angela Barkhouse, Toni Shukla and Carl Jackson as Liquidators of 1MDB Energy Holdings Limited.

2

Liquidation as a "foreign main proceeding" as defined in section 1502(4). D.E. 1.

2.      The Declaration of Angela Barkhouse (the "Barkhouse Declaration"), addressing the requirements of § 1515(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A".**

3.      The Declaration of Mungo Lowe (the "Lowe Declaration"), regarding BVI law, is attached hereto as **Exhibit "B"**.

4.      The Orders entered by the BVI High Court of Justice (the "BVI Court") restoring the Debtors and commencing their respective liquidations, are attached to the Barkhouse Declaration as Composite Exhibit 1.

5.      The Petition, this Motion, and the Declarations demonstrate that each of the Debtors' liquidations should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

6.      The Liquidators seek the type of relief that Chapter 15 was designed to provide, and the Debtors' Liquidations, the Petition, and this Motion meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

8.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

9.      The BVI is each of the Debtors' respective center of main interests because, among other things, each Debtor's respective registered office is located there.

3

SEQUOR LAW, P.A.

10.　　Venue is proper in this district under 28 U.S.C. § 1410.　The Foreign Representatives have retained Sequor Law, P.A. ("Sequor Law") in this district and Sequor Law holds in its trust account in this district the sum of US$ 1,500.00 on behalf of and for the benefit of the Debtor to which funds Sequor Law has no rights of setoff, charging lien, or similar right.

## BACKGROUND

### A.　The Debtors and Their Involvement in the 1MDB Fraud

11.　　The Debtors formed part of the fraud perpetrated against 1 Malaysia Development Berhad ("1MDB"), a sovereign wealth fund owned by the Malaysian Ministry of Finance, in which numerous entities and individuals formed a network to divert and distribute funds to the fraudsters who orchestrated the fraud and to individuals and/or entities connected to them ("the Fraud"). Ex. A at ¶ 6.　An estimated total of US $7.65 billion was diverted and/or siphoned off from 1MDB and its sister company SRC International Sdn Bhd ("SRC Malaysia"). *Id.*

12.　　The Debtors were incorporated in the BVI and were shell companies with no legitimate business that acted as a conduit for funds flowing from 1MDB to other entities and individuals involved in the Fraud. *Id.* at ¶¶ 10-22. The Debtors were involved in the misappropriation and concealment of hundreds of millions of dollars relating to the Fraud as follows:

　　　　a.　　A total of at least US $806,000,000 passed through Alsen Chance during May 2010 to February 2013;

　　　　b.　　A total of US $221,000,000 passed through Blackrock during April 2013 and September 2014;

　　　　c.　　A total of at least US $396,000,000 passed through Aabar International during September 2014 and April 2016;

4

d.      A total of at least US $81,000,000 passed through Platinum Global during

July 2013 and September 2014; and

*Id.* Though the Liquidators have yet to obtain banking records for 1MDB Energy, they believe

that several million dollars of proceeds of the Fraud likely passed through the bank account(s) of

1MDB Energy. *Id.* at ¶ 22.

13.     More detailed description of the Debtors, their business, and other background

information is contained in the Barkhouse Declaration, which is incorporated herein.

**B.      <u>Lead Up to the Debtor's Liquidation</u>**

14.     In 2013 and 2014, the media covered activities of 1MDB, including its connection

with SRC Malaysia.  *Id.* at ¶ 23.  In 2015, the international press began reporting that 1MDB and

SRC Malaysia were under international investigation due to allegations of fraud and money

laundering.  *Id.*  Until 2016, most investigation attempts in Malaysia were thwarted by the

Malaysian government, as the Prime Minister of Malaysia, Mohb Najib bin Hj Abdul Razak

("Najib"), established 1MDB with Jho Low.  *Id.*

15.     In 2018, Najib was removed as Prime Minister and Malaysian authorities began to

investigate the Fraud.  *Id.* at ¶ 24.  Najib and other co-conspirators were subject to criminal and

civil proceedings related to the misappropriation of 1MDB funds in Malaysia and abroad.

Malaysian authorities sought cooperation from global law enforcement, including the DOJ, which

actively investigated and seized various assets in relation to the Fraud from 2016 onwards.  *Id.*

16.     Civil proceedings have been brought by the JLs and companies related to the Debtor

in the BVI, Cayman Islands, Curacao, Barbados, USA, Hong Kong, Singapore and Switzerland to

recover assets and claim damages.  *Id.* at ¶ 25.  While the general details of the Fraud have been

widely reported on, the full extent of the Fraud is unknown. *Id.* The Debtors' Liquidations form part of an international effort to trace and recover funds misappropriated through 1MDB. *Id.*

**C.**    **The Debtor's Liquidations**

17.    The Debtors were placed into liquidation pursuant to the BCA and the BVI Insolvency Act. Ex. A at ¶¶ 5 & 26 & Comp. Ex. 1. The Liquidators were appointed as liquidators of the Debtors by orders of the BVI Court. *Id.* The Debtors' Liquidations are part of the Liquidators' asset recovery efforts for the benefit of the Debtors' creditors, who are ultimately the people of Malaysia.

18.    The Liquidators filed notice of their appointment with the BVI Registrar of Companies, served on the Debtors' registered agents, and advertised their appointment in accordance with section 178 of the BVI Insolvency Act. *Id.* at ¶ 29. To the best of the Liquidators' knowledge and belief, this is the most appropriate jurisdiction to notify to ensure that the knowledge of the Debtors' liquidations reaches all potential creditors of the Debtors. *Id.*

19.    Since their appointment, the Liquidators have been conducting the Debtors' activities primarily out of BVI. *Id.* at ¶ 27.

20.    Actions that the Liquidators may take or are taking include but are not limited to: (i) paying liquidation expenses; (ii) agreeing on the claims of the unsecured and preferential creditors and payment of a dividend, if future realizations make this feasible; (iii) complying with statutory and regulatory obligations; and (iv) undertaking investigations. *Id.* at ¶ 31.

21.    Since their appointment, the Liquidators have taken a number of steps to identify, secure and take into their possession and control the assets and records of the Debtors. *Id.* at ¶ 30.

22.    The Liquidators have identified various individuals and entities located in the United States who either participated or otherwise possess knowledge relating to the above

6

transactions.  The Liquidators also believe that part of the Debtor's missing funds may be located in the United States as some of the missing funds passed through US entities.  Accordingly, the Liquidators file this Chapter 15 to (i) obtain information from these third parties and continue their investigations on the loss and misappropriation of the Debtor's funds, and (ii) to the extent they localize any assets, take control and liquidate the same for the benefit of the Debtors' estates.

## RELIEF REQUESTED

23.     By this Motion, the Liquidators respectfully request an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached hereto as **Exhibit "C"**, granting the following relief:

(a)     Recognizing each of the Debtors' Liquidations as a "foreign main proceeding" and the Liquidators as the Foreign Representatives of the Debtors;

(b)     Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c)     Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1)     staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representatives concerning the rights, obligations or liabilities of the Debtors, the Debtors' estates to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2)     staying execution against the Debtors to the extent not stayed under § 1520(a);

(3)     suspending the right to transfer or otherwise dispose of any assets of the Debtors to the extent this right has not been suspended under section 1520(a);

(4)      providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtors and the Debtors' estates under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5)      entrusting the administration or realization of all of the assets of the Debtors within the territorial jurisdiction of the United States to the Foreign Representatives;

(6)      entrusting the distribution of all or part of the assets of the Debtors located within the United States to the Foreign Representatives;

(7)      granting comity and giving full force and effect to the orders entered by the BVI Court with respect to the Debtors; and

(d)      granting the Foreign Representatives such other and further relief as this Court may deem just and proper.

## BASIS FOR RECOGNITION

24.      The Liquidators have satisfied each of the requirements for recognition set forth in section 1517 of the Bankruptcy Code because (i) each of the Debtors' Liquidations is a foreign main proceeding, (ii) the Liquidators filing the Debtors' respective Petitions and this Motion are foreign representatives under section 101(24), and (iii) the procedural requirements of section 1515 and Bankruptcy Rule 1007 are satisfied.

A.      **Each of the Debtors' Liquidations is a Foreign Main Proceeding Under Section 1502**

   *i.  Each of the Debtors' Liquidations is a Foreign Proceeding Under Section 101(23)*

25.      Each of the Debtors' Liquidations qualify as a "foreign proceeding" under section 101(23) of the Bankruptcy Code.

SEQUOR LAW, P.A.

26.     The Debtors' Liquidations are subject to the liquidation process for an entity as set out in the legislation of the BVI in the BVI Insolvency Act 2003 (the "IA"), the BVI Insolvency Rules 2005 (the "Rules") and the BVI Business Companies Act 2004 (the "BCA"). Ex. B, at ¶ 5. As discussed in the Lowe Declaration, the High Court of Justice of the British Virgin has jurisdiction to liquidate any company registered in the BVI and may order the restoration of a dissolved company into liquidation. *Id.* at ¶ 8.  The IA authorizes the liquidators to administer the assets and affairs of the BVI company they are appointed over and to run its business during the course of its liquidation.  *Id.* at ¶ 9.  Once a liquidation commences, the liquidator is an officer of the BVI court and subject to the supervision of that court. *Id.* at ¶ 11.  Upon their appointment, the liquidators can manage the affairs, business, and property of the Debtor in order to achieve an orderly wind-down and facilitate the recovery of assets for the benefit of creditors.  *Id.* at ¶ 12.

27.     Bankruptcy Courts (including this Court) have held that liquidations in the BVI constitute "foreign proceedings." *See, e.g.*, *In re Brazen Sky Limited*, Case No. 22-16795-RAM, ECF No. 8, (Bankr. S.D. Fla. Oct. 5, 2022) (granting recognition to several BVI liquidations under the Insolvency Act);  *In re SRC Strategic Resources Limited, et al.*, Case No. 22-12654-RAM, ECF No. 10 (Bankr. S.D. Fla. May 19, 2022) (granting recognition to the liquidation proceedings of three BVI entities under the Insolvency Act); *Exential Investments, Inc.*, Case No. 21-15203-RAM, ECF No. 6 (Bankr. S.D. Fla. June 30, 2021) (same); *see also In re Olinda Star Ltd.*, 614 B.R. 28, 40-41 (Bankr. S.D.N.Y. 2020) (granting recognition to provisional liquidation in the BVI as foreign proceeding); *In re Fairfield Sentry Ltd.*, 440 B.R. 60, 66 (Bankr. S.D.N.Y. 2010) (same). Further,

### *ii. The Debtors' Liquidations are "Foreign Main Proceedings" Under Section 1502*

28.     The Debtors' Liquidations further qualify as "foreign main proceedings" under section 1502 because the Debtors' respective centers of main interests is in the BVI.

29.     First, the Debtor's Liquidations are foreign main proceedings because they are pending in the BVI, where the Debtors' respective registered offices are located. *See* 11 U.S.C. § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office is presumed to be the center of the debtor's main interests.").

30.     Second, the Debtors' only remaining economic activity is centered in the BVI.

31.     Since their appointment as Liquidators of the Debtors, the Liquidators have conducted various significant tasks in the BVI in connection to the Debtors' Liquidations, such as the administration of the Debtors' affairs, business and property, effectively replacing the Debtor's directors.

32.     Moreover, as the Debtors are BVI entities in liquidation under the BVI Insolvency Act, and BVI law would likely apply to most disputes arising from the Debtor's operations, the BVI is the natural jurisdiction that would be ascertainable by third parties as the Debtor's center of main interests. *See Servicios de Petroleo Constellation S.A.*, 600 B.R. 237, 272 (Bankr. S.D.N.Y. 2019) (considering the following factors in assessing the debtor's COMI: the location of the debtor's headquarters, of those who manage the debtor, the jurisdiction of whose law would apply to most disputes, and the expectations of third parties as to the debtor's COMI).

### B.     <u>The Liquidators are Foreign Representatives Under Section 101(24)</u>

33.     The Liquidators qualify as "foreign representatives" under section 101(24) of the Bankruptcy Code by virtue of their respective appointments.  *See* Ex. A, at Comp. Ex. 1. The Liquidators were appointed in the Debtors' Liquidations pursuant to the order of the BVI Court in

accordance with the BVI's Insolvency Act.  The Liquidators have the power to, among other things, (i) administer the Debtors' assets and affairs and run the Debtors' businesses during the course of the Debtors' Liquidations; (ii) to take possession of, protect and realize the Debtors' assets; and (iii) to distribute the assets or the proceeds of realization of the assets in accordance with the provisions of the relevant insolvency laws.

**C.**    **The Debtors' Liquidations Meet the Procedural Requirements of Section 1515**

34.    As stated above, the requirements of section 1515 are satisfied as the BVI Court's orders placing each of the Debtors liquidation and appointing the Liquidators is attached to the Barkhouse Declaration as Exhibit 1.

35.    Further, the statements required by section 1515(c) of the Bankruptcy Code and Fed. R. Bankr. P. 1007(a)(4) are included in the attached Barkhouse Declaration.  Ex. A, at ¶¶ 34-35.

36.    Finally, the Liquidators submit that section 109(a) of the Bankruptcy Code does not apply herein.  *See In re Al Zawawi*, 637 B.R. 663, 668 (M.D. Fla. 2022).  To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, the Debtors qualify as a "debtor" under section 109(a) because the Debtors have assets in the United States in the form of monies held on their behalf with Sequor Law.

## CONCLUSION

WHEREFORE, the Liquidators respectfully requests that the Court enter an Order, substantially in the form attached as **Exhibit "C"**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: February 15, 2024                    Respectfully submitted,

SEQUOR LAW, P.A.

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: ggrossman@sequorlaw.com
   jmendoza@sequorlaw.com
   jmosquera@sequorlaw.com

By: */s/ Juan J. Mendoza*
  Gregory S. Grossman
  Florida Bar No. 896667
  Juan J. Mendoza
  Florida Bar No.: 113587
  Jennifer Mosquera
  Florida Bar No.: 1018656

SEQUOR LAW, P.A.

*EXHIBIT "A"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

| Alsen Chance Holdings Limited | Chapter 15 |
| Debtor in a Foreign Proceeding. | Case No.: |

In re:

| Blackrock Commodities (Global) Limited | Chapter 15 |
| Debtor in a Foreign Proceeding. | Case No.: |

In re:

| Aabar International Investments PJS Limited | Chapter 15 |
| Debtor in a Foreign Proceeding. | Case No.: |

In re:

| Platinum Global Luxury Services Limited | Chapter 15 |
| Debtor in a Foreign Proceeding. | Case No.: |

In re:

| 1MDB Energy Holdings Limited | Chapter 15 |
| Debtor in a Foreign Proceeding. | Case No.: |

## DECLARATION OF ANGELA BARKHOUSE IN SUPPORT OF CHAPTER 15 PETITIONS FOR RECOGNITION OF FOREIGN PROCEEDINGS

I, Angela Barkhouse, Managing Director of Quantuma (Cayman) Limited hereby declare under penalty of perjury under the laws of the United States as follows:

1

1.    I am one of the Liquidators and foreign representative of Alsen Chance Holdings Limited, Blackrock Commodities (Global) Limited, Aabar International Investments PJS Limited, Platinum Global Luxury Service Limited, and 1MDB Energy Holdings Limited (collectively, the "Debtors"), companies in liquidation under the laws of the British Virgin Islands ("BVI").

2.    I am over the age of 18 and I am duly authorized to make this declaration acting in my capacity as Liquidator of the Debtors. Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information obtained through the Liquidators' investigations (as described below) and are true to the best of my knowledge, information, and belief. If called upon, I could testify as to all matters set forth in this declaration.

3.    I make this Declaration in support of the Motion *for Order Granting Recognition of Foreign Main Proceedings Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion") seeking recognition of the Debtor's liquidation under Chapter 15 of Title 11 of the United States Code (the "Bankruptcy Code").

4.    The Debtors are in liquidation under the laws of the British Virgin Islands (the "BVI") pursuant to Sections 159(2) and 162(1) of the BVI's Insolvency Act 2003 (the "BVI Insolvency Act").

5.    Each of the Debtors was restored by Orders of the BVI High Court of Justice pursuant to section 218 of the BVI Business Companies Act 2004, as amended (the "BCA") (collectively, the "BVI Orders"), and the Liquidators were appointed as liquidators of the Debtors

pursuant to section 211A of the BCA.[1]   Specifically, each of the BVI Orders provided for the restoration of the Debtors and, immediately upon restoration, for the placement of each Debtor into an insolvent liquidation under the Insolvency Act 2003.  The BVI Orders further provided that the Liquidators' respective dates of appointments over each Debtor shall be the date of restoration of each Debtor.  The BVI Orders and the Transfer Order are attached hereto as **Composite Exhibit 1**.

## THE DEBTORS AND THEIR LIQUIDATIONS

### A.    The Debtors and their Role in the 1MDB Fraud

#### i.     *The 1MDB Fraud and Its Key Players*

6.     The Debtors were involved in the fraud perpetrated against 1 Malaysia Development Berhad ("1MDB"), a sovereign wealth fund owned by the Malaysian Ministry of Finance, in which numerous entities and individuals, including the Debtors, formed part of a network to divert and distribute funds to the fraudsters who orchestrated the fraud and to individuals and/or entities connected to them ("the Fraud").  An estimated total of US $7.65 billion was diverted and/or siphoned off from 1MDB and its sister company, SRC International Sdn Bhd ("SRC Malaysia").

7.     The main force behind 1MDB's establishment was the then Prime Minister of Malaysia, Mohb Najib bin Hj Abdul Razak ("Najib"). Najib was Chairman of 1MDB, from 2009 to 2016.  He additionally served as Minister of Finance and therefore ultimately controlled 1MDB.  Najib was removed as prime minister in 2018 and in 2020 was sentenced to 12 years in prison in Malaysia for corruption, money laundering, and abuse of power. Nabjib's appeal against

---

[1] With respect to 1MDB Energy Holdings Limited, I was appointed by way of a transfer order dated November 16, 2023 (the "Transfer Order") appointing me as liquidator of 1MDB Energy Holdings Limited in place of Helen Janes.

conviction and sentence was rejected in December 2021, a further appeal to the Federal Court of Malaysia has recently been rejected too. He is due to stand trial for additional charges related to 1MDB this year.

8.    A second key individual and perpetrator of the Fraud is Low Taek Jho ("Jho Low"), who exercised significant control over 1MDB without any formal role. Jho Low established shell companies in multiple jurisdictions though which he diverted funds that were misappropriated from 1MDB, and the Liquidators believe that these companies included the Debtors. Criminal proceedings are ongoing against Jho Low in the United States of America ("USA") and Malaysia. He is a fugitive and is reported by the media to be in China or Hong Kong.

9.    Eric Tan Kim Loong ("Eric Tan") is a third key individual, who is an associate of Low, and a Malaysian national. He served as a proxy for Jho Low in various transactions and was the named beneficial owner of several bank accounts into which funds traceable to 1MDB were diverted to. Eric Tan was also the named beneficial owner of an account controlled by the Debtor.

### ii.    *Alsen Chance Holdings Limited*

10.    Debtor Alsen Chance Holdings Limited ("Alsen Chance") was incorporated in the BVI on May 18, 2009. The Liquidators believe that Alsen Chance was a shell company with no legitimate business that acted as a conduit for funds flowing from 1MDB to other entities and individuals involved in the Fraud. Eric Tan appeared as Alsen Chance's beneficial owner but its bank account and funds were controlled by Jho Low.

11.    Alsen Chance received several hundred millions of dollars that were misappropriated from 1MDB through Aabar Investments PJS Limited, Blackstone Asia Real Estate Partners Limited, and other entities. From the Liquidators' investigations, it has been

4

determined that between May 2010 and February 2013, a total of at least $806,000,000 of misappropriated funds passed through Alsen Chance from entities involved in the 1MDB Fraud.

12.    The onward destination of some of the funds transferred to Alsen Chance is yet to be determined, and the Liquidators seek recognition in part to obtain discovery to determine the destination of these funds.

### iii.    Blackrock Commodities (Global) Limited

13.    Debtor Blackrock Commodities (Global) Limited ("Blackrock") was incorporated in the BVI on July 3, 2012. The Liquidators believe that Blackrock was a shell company with no legitimate business that acted as a conduit for funds flowing from 1MDB to other entities and individuals involved in the Fraud. Indeed, the Liquidators further believe that Blackrock's name was chosen to falsely imply an association with Blackrock, Inc, a global investment management company. Eric Tan appeared as Blackrock's beneficial owner but its bank account and funds were controlled by Jho Low.

14.    From the Liquidators' investigations, it has been determined that between April 2013 and September 2014, a total of at least $221,000,000 of misappropriated funds passed through Blackrock from entities involved in the 1MDB Fraud.

15.    The onward destination of some of the funds transferred to Blackrock is yet to be determined, and the Liquidators seek recognition in part to obtain discovery to determine the destination of these funds.

### iv.    Aabar International Investments PJS Limited

16.    Debtor Aabar International Investments PJS Limited ("Aabar International") was incorporated in the BVI on May 12, 2014. The Liquidators believe the Aabar International was a shell company with no legitimate business that acted as a conduit for funds flowing from 1MDB

5

to other entities and individuals involved in the Fraud.  From the Liquidators' investigations, it has been determined that between September 2014 and April 2016, a total of at least $396,000,000 of misappropriated funds passed through Aabar International from entities involved in the 1MDB Fraud.

17.    The onward destination of some of the funds transferred from Aabar International is yet to be determined, and the Liquidators seek recognition in part to obtain discovery to determine the destination of these funds.

### v.    *Platinum Global Luxury Services Limited*

18.    Debtor Platinum Global Luxury Services Limited ("Platinum Global") was incorporated in the BVI on July 3, 2012.  The Liquidators believe that Platinum Global was a shell company with no legitimate business that acted as a conduit for funds flowing from 1MDB to other entities and individuals involved in the Fraud.  Eric Tan appeared as Platinum Global's beneficial owner but its bank account and funds were controlled by Jho Low.

19.    From the Liquidators' investigations, it has been determined that between July 2013 and September 2014, a total of at least $81,000,000 of misappropriated funds passed through Platinum Global from entities involved in the 1MDB Fraud.

20.    The Liquidators have not been able to determine the onward destination of some of the funds received.  Thus, the Liquidators seek recognition in part to obtain discovery to determine the destination of these funds.

### vi.    *1MDB Energy Holdings Limited*

21.    Debtor 1MDB Energy Holdings Limited ("1MDB Energy") was incorporated in the BVI on July, 1 2014. The Liquidators believe that 1MDB Energy was a shell company with no

legitimate business that was set up by individuals also involved in the Fraud. The Liquidators further believe that 1MDB Energy's name was chosen to falsely imply an association with 1MDB.

22.     The Liquidators are yet to obtain any banking records for accounts in the name of 1MDB Energy, however, the Liquidators believe that several million dollars of proceeds of the Fraud passed through the account(s) of 1MDB Energy. Accordingly, the Liquidators seek recognition in part to obtain discovery to determine the existence of any bank account.

**D.    Lead Up to the Debtors' Liquidations**

23.     In 2013 and 2014, the media covered activities of 1MDB and SRC Malaysia. In 2015, the international press began reporting that 1MDB and SRC Malaysia were under international investigation due to allegations of fraud and money laundering. Until 2016, most investigation attempts in Malaysia were thwarted by the Malaysian government, as the Prime Minister of Malaysia, Najib, established 1MDB with Jho Low.

24.     In 2018, Najib was removed as Prime Minister and Malaysian authorities began to investigate the Fraud. Najib and other co-conspirators were subject to criminal and civil proceedings related to the misappropriation of 1MDB funds in Malaysia and abroad. Malaysian authorities sought cooperation from global law enforcement, including the DOJ, which actively investigated and seized some assets in relation to the Fraud from 2016 onwards.

25.     Civil proceedings have been brought by the Liquidators and companies related to the Debtor in the BVI, Cayman Islands, Curacao, Barbados, USA, Hong Kong, Singapore and Switzerland to recover assets and claim damages. While the general details of the Fraud have been widely reported on, the full extent of the Fraud is unknown. The liquidation of the Debtor forms part of an international effort to trace and recover funds misappropriated through 1MDB and SRC Malaysia.

7

E.    **The Debtors' Liquidations**

26.    The Debtors were placed into liquidation pursuant to the BCA and the BVI Insolvency Act. *See* **Ex. 1**. The Liquidators were appointed over the Debtors and have been administering their assets and affairs.

27.    Since their appointment, the Liquidators have been conducting the Debtor's activities out of (or primarily out of) BVI.

28.    The BVI Insolvency Act authorizes the Liquidators to administer the assets and affairs of the Debtor. Once a liquidation commences, the liquidator is considered an officer of the BVI Court and subject to the supervision of that Court. A liquidator has the power to take possession of, protect and realise the assets of the debtor and distribute the assets or the proceeds of realisation of the assets in accordance with the provisions of the BVI Insolvency Act.

29.    The Liquidators filed their notice of appointment with the BVI Registrar of Companies, served on the Debtor, the Debtor's registered agents, and advertised their appointment in accordance with section 178 of the BVI Insolvency Act. To the best of the Liquidators' knowledge and belief, this is the most appropriate jurisdiction to notify to ensure that the knowledge of the liquidation of the Debtor reaches all potential creditors of the Debtor.

30.    Since their appointment, the Liquidators have taken a number of steps to identify, secure and take into their possession and control the assets and records of the Debtor.

31.    Actions that the Liquidators may take or are taking include but are not limited to: (i) paying liquidation expenses; (ii) agreeing on the claims of the unsecured and preferential creditors and payment of a dividend, if future realizations make this feasible; (iii) complying with statutory and regulatory obligations; and (iv) undertaking investigations.

8

### Basis for Recognition Under Chapter 15 of the Bankruptcy Code

32.     The Liquidators continue to investigate the Debtor's business activities and are taking steps to pursue various leads to localize and realize potential asset recovery opportunities for the benefit of all creditors. As part of these efforts the Liquidators seek recognition of the Debtor's Liquidation in the US to obtain discovery relating to transactions involving the Debtor to assist in the tracing of estate assets and, to the extent necessary, other entities relating to the Debtor.

### Section 1515(c) Disclosure

33.     Further, I am not aware of any pending foreign proceedings, as that term is defined in 11 U.S.C. § 101(23), with respect to the Debtor other than this Chapter 15 filing.

### Rule 1007(a)(4) Disclosures

34.     I hereby provide the following information in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

a. Angela Barkhouse of Quantuma (Cayman) Limited, and Toni Shukla of Quantuma (BVI) Limited have been appointed as the joint liquidators of the Debtor.

i. The address of the Liquidators is the following:

> Attn: Toni Shukla
> Quantuma (BVI) Limited
> Coastal Building, PO Box 4171
> Wickhams Cay II
> Road Town, Tortola VG1110
> British Virgin Islands

> Attn: Angela Barkhouse
> Quantuma (Cayman) Limited
> 10 Market St, #1174 Camana Bay
> Grand Cayman KY1-9006
> Cayman Islands

ii. For purposes of this Chapter 15 proceeding, the Liquidators request that any correspondence be sent, in addition to the addresses provided above, to:

9

Attn: Gregory S. Grossman
Juan J. Mendoza
Jennifer Mosquera
Sequor Law, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

d. The Debtor is not party to any litigation in the United States.

e. I do not seek provisional relief, under 11 U.S.C. § 1519, against any person or entity
   at this time.

[Verification on next page.]

10

## 28 U.S.C. § 1746 VERIFICATION

I, Angela Barkhouse, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I have the authority to make this Declaration; that I have read the foregoing Declaration; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to Alsen Chance Holdings Limited, Blackrock Commodities (Global) Limited, Aabar International Investments PJS Limited, Platinum Global Luxury Service Limited, and 1MDB Energy Holdings Limited.

Executed in George Town, Grand Cayman, Cayman Islands, on February 9, 2024

By: _____
                 Angela Barkhouse

11

*EXHIBIT "1"*

Case Number :BVIHCOM2023/0125



**EASTERN CARIBBEAN SUPREME COURT**

**BRITISH VIRGIN ISLANDS**

**IN THE HIGH COURT OF JUSTICE**

**COMMERCIAL DIVISION**

**Submitted Date:12/09/2023 09:30**

**Filed Date:12/09/2023 09:31**

**Fees Paid:72.59**

**IN THE MATTER OF SECTIONS 218 AND 211A OF THE BVI BUSINESS COMPANIES ACT, 2004**

**AND IN THE MATTER OF ALSEN CHANCE HOLDINGS LIMITED**

**AND AN APPLICATION FOR THE RESTORATION OF A DISSOLVED COMPANY**

Claim No. BVIHCOM 2023/0125

**BLACKSTONE ASIA REAL ESTATE PARTNERS LIMITED (In Liquidation)**

<u>**Claimant**</u>

**and**

**(1) ALSEN CHANCE HOLDINGS LIMITED**

**(2) THE REGISTRAR OF CORPORATE AFFAIRS**

<u>**Defendants**</u>

---

**Order**

---

BEFORE:    The Honourable Justice Gerhard Wallbank [Ag.]

DATED:    6 September 2023

ENTERED:  20 September 2023

**UPON THE FIXED DATE CLAIM FORM** filed on behalf of the Claimant for an Order that Alsen Chance Holdings Limited (the "**Company**") be restored to the Register of Companies pursuant to Section 218 of the BVI Business Companies Act 2004 (the "**Act**") and that an eligible insolvency practitioner be appointed as liquidator of the Company in place of the voluntary liquidator pursuant to Section 211A of the Act coming on for first hearing on 25 July 2023 and a further hearing on 6 September 2023

**AND UPON** the Claimant's legal practitioners undertaking to file an amended fixed date claim form forthwith

**AND UPON READING** the affidavit of Angela Barkhouse sworn on 26 June 2023

**AND UPON** the Court being satisfied that the Financial Secretary was served with notice of the application

**AND UPON** Ms Angela Barkhouse and Ms Toni Shukla consenting to be appointed Liquidators of the Company

**AND UPON** the Claimant by its Counsel undertaking that any outstanding fees and penalties due and payable to the Registrar of Corporate Affairs (the "**Registrar**") shall be paid by the Claimant.

**AND UPON HEARING** Andrew Emery and Mungo Lowe, Counsel for the Claimant and Valerie C. Georges-Thomas, Counsel for the Registrar.

**IT IS ORDERED THAT:**

1. The dissolution of the Company be and is hereby avoided.

2. Upon payment of all outstanding fees and penalties due and payable to the Registrar by the liquidators of the Claimant and upon receipt by the Registrar of a filed and sealed copy of this Order, the Registrar be directed to restore the name of the Company to the Register of Companies and issue a certificate of restoration. The restoration has effect from the date and time a copy of the sealed Court Order is filed with the Registrar.

3. Upon the name of the Company being restored to the Register, the Company is deemed, pursuant to section 218B (6) of the Act, to exist as if it had not been dissolved or struck off the Register. The period of limitation for all causes of action which accrue or have accrued to the Company shall be deemed not to have run for all of the period during which the Company was dissolved.

4. The Company shall be restored into liquidation under the supervision of Ms Angela Barkhouse of Quantuma (Cayman) Limited of Suite N404, Flagship Building, 142 Seafarers Way, George Town, Grand Cayman, Cayman Islands and Ms Toni Shukla of Quantuma (BVI) Limited, Coastal Building, PO Box 4171, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands as Liquidators (the "**Liquidators**").

5. Any action may be taken by one of the Liquidators.

6. It appearing to the Court on the evidence before it that the Company is insolvent, and that the Claimant is a creditor of the Company, the voluntary liquidation of the Company shall immediately upon restoration continue as an insolvent liquidation under the

Insolvency Act 2003 (the **IA**). For the purposes of calculating the time for advertising their appointment, the Liquidators' date of appointment shall be the date of restoration of the Company.

7.    The Liquidators shall be appointed as such by the Court under section 211A of the Act and shall have all the duties and powers conferred upon Court-appointed liquidators by sections 185, 186, and Schedule 2 of the IA (as set out in Annex 1).  The Liquidators shall notify the Official Receiver of the Company's insolvency and of such appointment.

8.    The Liquidators be granted power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the company initiate and/or defend any and all future proceedings or applications, and to obtain recognition if required, in all foreign jurisdictions.

9.    The Court dispenses with the requirement for the Claimant's application for an order appointing the Liquidators under the IA to be advertised, pursuant to section 165 of the IA.

10.  Any property which belonged to the Company and which was vested in the Crown upon dissolution and which was not disposed of, be restored to and vests in the Company.

11.  The Registrar be served with a sealed copy of this Order within 30 days of the making of the Order.

12.  The Financial Secretary be served with a sealed copy of this Order.

13.  This Order having been made without notice to the Company, any person who was a lawfully appointed director of the Company on the date of its dissolution may make an application to the Court upon no less than 14 days written notice to the Claimant and the Liquidators for this Order to be discharged or varied in respect of the Company, upon such director showing good cause for this Order to be discharged or varied PROVIDED that any such application must be made in writing and supported by an affidavit of such director no later than 14 days after the service of this Order upon the Company.

14.  The Court's file on this matter shall remain sealed until 14 days after the date of service of this Order. The Claimant shall notify the Court office of the date of such service and the Claimant and the Liquidators shall have liberty to apply for the period of sealing to be extended, and generally.

3

15.    The Claimant shall pay the Registrar's costs of the proceedings in the sum of $1,500.

**BY THE COURT**

**REGISTRAR**

## ANNEX 1: POWERS OF THE JOINT LIQUIDATORS

**The following powers may be exercised with the sanction of the court:**

1. Power to pay any class of creditors in full;

2. Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having alleged or alleging that they have any claim against the Companies, whether present or future, certain or contingent, ascertained or not;

3. Power to compromise, on such terms as may be agreed

    i.    calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the Companies and any person;

    ii.   questions in any way relating to or affecting the assets or the liquidation of the Companies; and

4. Power to carry on the business of the Companies as may be necessary for its beneficial liquidation.

**The following powers may be exercised without the sanction of the court:**

1. Power to sell or otherwise dispose of property of the Companies;

2. Power to do all acts and execute, in the name and on behalf of the Companies, any deeds, receipts or other documents;

3. Power to use the Companies' seal;

4. Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against this estate and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors;

5. Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Companies with the same effect with respect to the

Companies' liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Companies in the course of its business;

6.   Power to borrow money, whether on the security of the assets of the Companies or otherwise;

7.   Power to take out in his official name letters of administration to any deceased member or past member or debtor and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Companies;

8.   Power to call meetings of creditors or members for:

   i.     the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

   ii.    the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation;

   iii.   such other purpose connected with the liquidation as the liquidator considers fit;

9.   Power to appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties;

10.  Power to appoint an agent to do any business that the liquidator is unable to do himself, or which can be more conveniently done by an agent.

11.  Power to take possession, protect and realise the assets of the Companies and to sell or otherwise dispose of its assets; and

12.  Power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the Companies.

**EASTERN CARIBBEAN SUPREME COURT**
**BRITISH VIRGIN ISLANDS**
**IN THE HIGH COURT OF JUSTICE**
**COMMERCIAL DIVISION**

**IN THE MATTER OF SECTIONS 218 AND 211A**
**OF THE BVI BUSINESS COMPANIES ACT,**
**2004**
**AND IN THE MATTER OF ALSEN CHANCE**
**HOLDINGS LIMITED**
**AND IN THE MATTER OF AN APPLICATION**
**FOR THE RESTORATION OF A DISSOLVED**
**COMPANY**

**Claim No. BVIHCOM 2023/0125**
**BLACKSTONE ASIA REAL ESTATE**
**PARTNERS LIMITED (in liquidation)**
**(a company incorporated in the British Virgin**
**Islands)**

<b><u>Claimant</u></b>

**-and-**

**(1) ALSEN CHANCE HOLDINGS LIMITED**
**(2) THE REGISTRAR OF CORPORATE**
    **AFFAIRS**

<b><u>Defendants</u></b>

---

**ORDER**

---



<u>**Legal Practitioners for the Claimant**</u>

**Case Number :BVIHCOM2023/0124**



**EASTERN CARIBBEAN SUPREME COURT**
**BRITISH VIRGIN ISLANDS**
**IN THE HIGH COURT OF JUSTICE**          Submitted Date:12/09/2023 09:29
**COMMERCIAL DIVISION**

Filed Date:12/09/2023 09:30
**IN THE MATTER OF SECTIONS 218 AND 211A OF THE BVI BUSINESS COMPANIES**
**ACT, 2004**                                      Fees Paid:72.59
**AND IN THE MATTER OF BLACKROCK COMMODITIES (GLOBAL) LIMITED**
**AND IN THE MATTER OF AN APPLICATION FOR THE RESTORATION OF A**
**DISSOLVED COMPANY**

**Claim No. BVIHCOM 2023/0124**

**AFFINITY EQUITY INTERNATIONAL PARTNERS LIMITED (in liquidation)**
**(a company incorporated in the British Virgin Islands)**

Claimant

-and-

**(1) BLACKROCK COMMODITIES (GLOBAL) LIMITED**

**(2) THE REGISTRAR OF CORPORATE AFFAIRS**

Defendants

_____

**Order**

_____

BEFORE:     The Honourable Justice Gerhard Wallbank [Ag.]

DATED:      6 September 2023

ENTERED:  $\wp$ September 2023

**UPON THE FIXED DATE CLAIM FORM** filed on behalf of the Claimant for Orders that
Blackrock Commodities (Global) Limited (the "**Company**") be restored to the Register of
Companies pursuant to Section 218 of the BVI Business Companies Act 2004 (the "**Act**") and
that eligible insolvency practitioners be appointed as liquidators of the Company in place of
the voluntary liquidator pursuant to Section 211A of the Act coming on for first hearing on 26
July 2023 and a further hearing on 6 September 2023

**AND UPON** the Claimant's legal practitioners undertaking to file an amended fixed date claim
form forthwith

1

**AND UPON** the affidavit of ANGELA BARKHOUSE sworn on 26 June 2023

**AND UPON** the Court being satisfied that the Financial Secretary was served with notice of the application

**AND UPON** Ms Angela Barkhouse and Ms Toni Shukla consenting to be appointed Liquidators of the Company

**AND UPON** the Claimant by its Counsel undertaking that any outstanding fees and penalties due and payable to the Registrar of Corporate Affairs (the "**Registrar**") shall be paid by the Claimant if such sums are not paid by the Company out of recoveries made following its restoration

**AND UPON HEARING** Andrew Emery and Mungo Lowe, Counsel for the Claimant and Valerie Georges-Thomas, Counsel for the Registrar

## IT IS ORDERED THAT:

1. The dissolution of the Company be and is hereby avoided.

2. Upon payment of all outstanding fees and penalties due and payable to the Registrar by the liquidators of the Claimant and upon receipt by the Registrar of a filed and sealed copy of this Order, the Registrar be directed to restore the name of the Company to the Register of Companies and issue a certificate of restoration. The restoration has effect from the date and time a copy of the sealed Court Order is filed with the Registrar.

3. Upon the name of the Company being restored to the Register, the Company is deemed, pursuant to section 218B (6) of the Act, to exist as if it had not been dissolved or struck off the Register. The period of limitation for all causes of action which accrue or have accrued to the Company shall be deemed not to have run for all of the period during which the Company was dissolved.

4. The Company shall be restored into liquidation under the supervision of Ms Angela Barkhouse of Quantuma (Cayman) Limited of Suite N404, Flagship Building, 142 Seafarers Way, George Town, Grand Cayman, Cayman Islands and Ms Toni Shukla of Quantuma (BVI) Limited, Coastal Building, PO Box 4171, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands as Liquidators (the "**Liquidators**").

5. Any action may be taken by one of the Liquidators.

6. It appearing to the Court on the evidence before it that the Company is insolvent, and that the Claimant is a creditor of the Company, the voluntary liquidation of the Company shall immediately upon restoration continue as an insolvent liquidation under the Insolvency Act 2003 (the "**IA**"). For the purposes of calculating the time for

advertising their appointment, the Liquidators' date of appointment shall be the date of restoration of the Company.

7.    The Liquidators shall be appointed as such by the Court under section 211A of the Act and shall have all the duties and powers conferred upon Court-appointed liquidators by sections 185, 186, and Schedule 2 of the IA (as set out in Annex 1). The Liquidators shall notify the Official Receiver of the Company's insolvency and of such appointment.

8.    The Liquidators be granted power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the company initiate and/or defend any and all future proceedings or applications, and to obtain recognition if required, in all foreign jurisdictions. .

9.    The Court dispenses with the requirement for the Claimant's application for an order appointing the Liquidators under the IA to be advertised, pursuant to section 165 of the IA.

10.   Any property which belonged to the Company and which was vested in the Crown upon dissolution and which was not disposed of, be restored to and vests in the Company.

11.   The Registrar be served with a sealed copy of this Order within 30 days of the making of the Order.

12.   The Financial Secretary be served with a sealed copy of this Order.

13.   This Order having been made without notice to the Company, any person who was a lawfully appointed director of the Company on the date of its dissolution may make an application to the Court upon no less than 14 days written notice to the Claimant and the Liquidators for this Order to be discharged or varied in respect of the Company, upon such director showing good cause for this Order to be discharged or varied PROVIDED that any such application must be made in writing and supported by an affidavit of such director no later than 14 days after the service of this Order upon the Company.

14.   The Court's file on this matter shall remain sealed until 14 days after the date of service of this Order. The Claimant shall notify the Court office of the date of such service and the Claimant and the Liquidators shall have liberty to apply for the period of sealing to be extended, and generally.

3

15.     The Claimant shall pay the Registrar costs of the proceedings in the sum of $1,500.

BY THE COURT

REGISTRAR



4

## ANNEX 1: POWERS OF THE LIQUIDATORS

**The following powers may be exercised with the sanction of the court:**

1. Power to pay any class of creditors in full;

2. Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having alleged or alleging that they have any claim against the Companies, whether present or future, certain or contingent, ascertained or not;

3. Power to compromise, on such terms as may be agreed

    i. calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the Companies and any person;

    ii. questions in any way relating to or affecting the assets or the liquidation of the Companies; and

4. Power to carry on the business of the Companies as may be necessary for its beneficial liquidation.

**The following powers may be exercised without the sanction of the court:**

1. Power to sell or otherwise dispose of property of the Companies;

2. Power to do all acts and execute, in the name and on behalf of the Companies, any deeds, receipts or other documents;

3. Power to use the Companies 'seal;

4. Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against this estate and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors;

5. Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Companies with the same effect with respect to the

5

Companies 'liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Companies in the course of its business;

6. Power to borrow money, whether on the security of the assets of the Companies or otherwise;

7. Power to take out in his official name letters of administration to any deceased member or past member or debtor and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Companies;

8. Power to call meetings of creditors or members for:

    i. the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

    ii. the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation;

    iii. such other purpose connected with the liquidation as the liquidator considers fit;

9. Power to appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties;

10. Power to appoint an agent to do any business that the liquidator is unable to do himself, or which can be more conveniently done by an agent.

11. Power to take possession, protect and realise the assets of the Companies and to sell or otherwise dispose of its assets; and

12. Power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the Companies.

**EASTERN CARIBBEAN SUPREME COURT
BRITISH VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION**

**IN THE MATTER OF SECTIONS 218 AND 211A
OF THE BVI BUSINESS COMPANIES ACT,
2004
AND IN THE MATTER OF BLACKROCK
COMMODITIES (GLOBAL) LIMITED
AND IN THE MATTER OF AN APPLICATION
FOR THE RESTORATION OF A DISSOLVED
COMPANY**

**Claim No. BVIHCOM 2023/124
AFFINITY EQUITY INTERNATIONAL
PARTNERS LIMITED (in liquidation)
(a company incorporated in the British Virgin
Islands)**

**Claimant**

**-and-**

**(1) BLACKROCK COMMODITIES (GLOBAL)
LIMITED
(2) THE REGISTRAR OF CORPORATE
AFFAIRS**

**Defendants**

**ORDER**



**Legal Practitioners for the Claimant**

7

**Case Number :BVIHCOM2023/0114**



EASTERN CARIBBEAN SUPREME COURT
BRITISH VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION

**Submitted Date:26/09/2023 14:05**

**Filed Date:26/09/2023 14:05**

IN THE MATTER OF SECTION 218 OF THE BVI BUSINESS COMPANIES ACT, 2004
AND IN THE MATTER OF AABAR INTERNATIONAL INVESTMENTS PJS LIMITED
AND AN APPLICATION FOR THE RESTORATION OF A DISSOLVED COMPANY

IN THE MATTER OF SECTION 159 AND 163 OF THE BVI INSOLVENCY ACT 2003
AND IN THE MATTER OF AABAR INTERNATIONAL INVESTMENTS PJS LIMITED

Claim No. BVIHCOM 2023/0114
Claim No. BVIHCOM 2023/0136

**AABAR INVESTMENTS PJS LIMITED (in liquidation)**
**(a company incorporated in Samoa)**

**Claimant/Applicant**

-and-

**(1) THE REGISTRAR OF CORPORATE AFFAIRS**
**(2) AABAR INTERNATIONAL INVESTMENTS PJS LIMITED**

**Defendants/Respondents**

---

**ORDER**

---

BEFORE:    The Honourable Justice Wallbank Ag

DATED:      25 September 2023

ENTERED:   27 September 2023

**UPON THE FIXED DATE CLAIM FORM** filed on behalf of the Claimant for an Order that
Aabar International Investments PJS Limited (the "**Company**" or "**Aabar International**") be
restored to the Register of Companies pursuant to Section 218 of the BVI Business
Companies Act 2004 (the "**Act**") coming on for first hearing

**AND UPON ORIGINATION APPLICATION** filed on behalf of the Applicant for an Order appointing Angela Barkhouse of Quantuma (Cayman) Limited, Suite N404, Flagship Building, 142 Seafarers Way, George Town, Grand Cayman, Cayman Islands and Toni Shukla of Quantuma (BVI) Limited, Coastal Building, PO Box 4171, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands as liquidators of **AABAR INTERNATIONAL INVESTMENTS PJS LIMITED**.

**AND UPON** the Court consolidating both matters BVIHCOM2023/0114 and BVIHCOM2023/0136

**AND UPON** the Court considering the affidavits of ANGELA BARKHOUSE sworn on 22 June 2023 and 19 July 2023

**AND UPON** the Court being satisfied that the Financial Secretary was served with notice of the restoration application and does not oppose the application

**AND UPON** the Claimant by its Counsel undertaking that any outstanding fees and penalties due and payable to the Registrar of Corporate Affairs (the "**Registrar**") shall be paid by the Claimant if such sums are not paid by the Company.

**AND UPON** the Court being satisfied that in accordance with section 91(5) of the Act the Company is not required to appoint a Registered Agent and the requirement for the Company's records to be updated in accordance with section 213(3B) of the Act does not apply

**AND UPON HEARING** Mungo Lowe, Counsel for the Claimant/Applicant and Stephen Grayson, Counsel for the Registrar.

**IT IS ORDERED THAT:**

1.      The dissolution of the Company be and is hereby avoided.

2.      Upon payment of all outstanding fees and penalties due and payable to the Registrar by the Liquidators of the Claimant, and upon receipt by the Registrar of a sealed copy of this order the Registrar be directed to restore the name of the Company to the Register of Companies and issue a certificate of restoration.  The restoration has

2

effect from the date and time a copy of the sealed Court Order is filed with the Registrar.

3. Upon the name of the Company being restored to the Register, the Company is deemed, pursuant to section 218B (6) of the Act, to exist as if it had not been dissolved or struck off the Register. The period of limitation for all causes of action which accrue or have accrued to the Company shall be deemed not to have run for all of the period during which the Company was dissolved.

4. Any property which belonged to the Company and which was vested in the Crown upon dissolution and which was not disposed of, be restored to and vests in the Company.

5. It appearing to the Court on the evidence before it that the Company is insolvent, Ms Angela Barkhouse of Quantuma (Cayman) Limited of Suite N404, Flagship Building, 142 Seafarers Way, George Town, Grand Cayman, Cayman Islands and Ms Toni Shukla of Quantuma (BVI) Limited, Coastal Building, PO Box 4171, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands shall be appointed as Liquidators of the Company (the "**Liquidators**"). For the purposes of calculating the time for advertising their appointment, the Liquidators' date of appointment shall be the date of the restoration of the Company.

6. The Liquidators shall be appointed as such by the Court under sections 159 and 163 of the Insolvency Act, 2003 (the "**IA**").

7. The Liquidators shall not be required to give security for their appointment.

8. The Liquidators are hereby authorised to take such steps as may be necessary or expedient for the protection and preservation of the value of the Company's assets, rights or property of every description (including all choses in action and any right to make capital calls) (the "**Company Assets**") whether the Company Assets are held by the Company or any other person. For that purpose, the Liquidators may exercise all the powers set forth in ANNEX 1 to this Order.

9. During the period of their appointment, any act required or authorised to be done by the Liquidators may be done by any one or more of the Liquidators.

10. The Liquidators be granted power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the Company initiate and/or defend any and all future proceedings or applications, and to obtain recognition if required, in all foreign jurisdictions.

11. The period of limitation for all causes of action which accrue or have accrued to the Company shall be deemed to run from the date of the appointment of the Liquidators.

12. The Court dispenses with the requirement for the Applicant's application for an order appointing the Liquidators under the IA to be advertised, pursuant to section 165 of the IA.

13. The directors, officers, employees, agents, and legal representatives of the Company shall as soon as practicable deliver to the Liquidators the books and records of the Company in their respective possession or control and shall provide details as to where such books and records are located and the location of any other documents belonging to the Company to the extent that they are aware of such books and records or other documents.

14. The Liquidators shall be authorised to render and pay invoices out of the Company Assets for their own remuneration at the rates agreed with the Applicant and approved by the Court, together with all costs, charges and expenses of their legal practitioners, and all other agents, managers, accountants or other persons that the Liquidators may employ.

15. The Liquidators shall be at liberty to meet all disbursements reasonably incurred in connection with the performance of their duties and functions.

16. No disposition of the Company's property by or with the authority of the Liquidators in either case in the carrying out of their duties and functions and the exercise of their powers under this Order shall be avoided.

17. The Court's file on this matter shall remain sealed until 14 days after the date of service of this Order. The Applicant shall notify the Court office of the date of such service and the Applicant and the Liquidators shall have liberty to apply for the period of sealing to be extended, and generally.

4

18.    The Registrar be served with a sealed copy of this Order within 30 days of the making of the Order.

19.    The Financial Secretary be served with a sealed copy of this Order.

20.    The Claimant shall pay the Registrar's costs of the proceedings in the sum of USD 1,500.

_____

BY THE COURT

REGISTRAR

## ANNEX 1: POWERS OF THE LIQUIDATORS

**The following powers may be exercised with the sanction of the court:**

1.    Power to pay any class of creditors in full.

2.    Power to deal with and manage the Company Assets including investments and any other business of the Company.

3.    Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having alleged or alleging that they have any claim against the Company, whether present or future, certain or contingent, ascertained or not.

4.    Power to compromise, on such terms as may be agreed

    i.    calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the Company and any person;

    ii.    questions in any way relating to or affecting the assets or the liquidation of the Company.

5.    Power to carry on the business of the Company as may be necessary for its beneficial liquidation.

**The following powers may be exercised without the sanction of the court:**

1.    Power to use the Company' seal

2.    Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against this estate and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance as a separate debt due from the bankrupt or insolvent, and ratably with the other separate creditors.

3.    Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Company with the same effect with respect to the Company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business.

4.    Power to borrow money, whether on the security of the assets of the Company or otherwise.

5.    Power to take out in his official name letters of administration to any deceased member or past member or debtor and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Company.

6.    Power to call meetings of creditors or members for:

    i.    the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

    ii.    the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation;

    iii.    such other purpose connected with the liquidation as the liquidator considers fit.

7.    Power to sell or otherwise dispose of property of the Company.

8.    Power to locate, protect, take possession of, preserve and receive all of the Company Assets, provided that the Liquidators shall not distribute, dispose of or part with any of the Company Assets until further order except pursuant to the powers hereby conferred.

9.    Power to locate, protect, secure, and take possession of, the books, papers and records of the Company including all accounting and statutory records and all bank records.

10.    Power to examine on oath current and former directors, officers, employees, agents, and legal representatives of the Company as to the affairs, assets and records of the Company.

11.    Power to enter upon or take possession of any premises of the Company.

12.    Power to take control of and exercise all rights which the Company may have in relation to any subsidiaries, joint ventures, investments, associated companies, businesses or other entities in which the Company holds shares or any other interest (collectively Subsidiaries), or the shares in such Subsidiaries as are owned (directly or indirectly) by the Company, as may be necessary to obtain control or management of any such entities or to be able to inspect and preserve the books and records of the Subsidiaries

7

including, without prejudice to the generality of the foregoing, the power to appoint or remove all or any directors and other officers and agents (including legal representatives) of any such Subsidiaries and to take all such steps as the Liquidators think fit to protect the interests of the Company therein;

13. Power to ascertain and conduct investigations into the assets, liabilities and affairs of the Company and the Subsidiaries, and the Liquidators shall report to the Court on any matters relevant to the winding up application not less than seven days before the hearing of that application.

14. Power to do all such things as may be necessary or expedient for the protection or preservation of the value of the Company Assets; to take any such action as may be necessary or desirable to obtain recognition of the appointment of the Liquidators in any other relevant jurisdiction and to make applications to any foreign courts for that purpose.

15. Power to determine and, if considered appropriate, pay or authorise the payment of (on behalf of the Company) any debt, liability or obligation of the Company incurred in the ordinary course.

16. Power to do all things necessary or incidental to the foregoing functions, duties and powers.

17. Power to commence, continue, discontinue or defend any action or other legal proceedings in the BVI or/and any other jurisdiction in the name and on behalf of the Company.

18. The Liquidators shall have the power to take any action necessary or desirable to obtain recognition of their appointment in any other jurisdiction, and to make applications to foreign Courts for that purpose.

19. Power to engage staff to assist them in the performance of their functions.

20. Power to engage legal practitioners, attorneys, and other professionally qualified persons to assist them in the performance of their functions.

21. Power to do all acts and execute, in the name and on behalf of the Company, all deeds, receipts and other documents.

EASTERN CARIBBEAN SUPREME COURT
BRITISH VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION

IN THE MATTER OF SECTION 218 OF THE BVI BUSINESS
COMPANIES ACT, 2004
AND IN THE MATTER OF AABAR INTERNATIONAL
INVESTMENTS PJS LIMITED
AND AN APPLICATION FOR THE RESTORATION OF A
DISSOLVED COMPANY

IN THE MATTER OF SECTION 159 AND 163 OF THE BVI
INSOLVENCY ACT 2003
AND IN THE MATTER OF AABAR INTERNATIONAL
INVESTMENTS PJS LIMITED


Claim No. BVIHCOM 2023/0114
Claim No. BVIHCOM 2023/0136


AABAR INVESTMENTS PJS LIMITED (in liquidation)
(a company incorporated in Samoa)

**Claimant/Applicant**

-and-

1.   THE REGISTRAR OF CORPORATE AFFAIRS
2.   AABAR INTERNATIONAL INVESTMENTS PJS LIMITED

**Defendants/Respondents**

_____

**ORDER**

_____



**3rd Floor, Flemming House**
**Road Town, Tortola**
**VG1110, BVI**
**mungolowe@bakerandpartners.com**
**+1 (284) 340-8493**
**Legal Practitioners for the Claimant**

9

Case Number :BVIHCOM2023/0126



**FILED
HIGH COURT
TERRITORY OF
THE VIRGIN ISLANDS**

EASTERN CARIBBEAN SUPREME COURT
BRITISH VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION

Submitted Date:30/11/2023 11:17

Filed Date:30/11/2023 11:18

Fees Paid:72.59

IN THE MATTER OF SECTIONS 218 AND 211A OF THE BVI BUSINESS COMPANIES
ACT, 2004
AND IN THE MATTER OF PLATINUM GLOBAL LUXURY SERVICES LIMITED
AND AN APPLICATION FOR THE RESTORATION OF A DISSOLVED COMPANY

Claim No. BVIHCOM 2023/126

BETWEEN

    AFFINITY EQUITY INTERNATIONAL PARTNERS LIMITED (IN LIQUIDATION)

<u>Claimant</u>

and

    (1) PLATINUM GLOBAL LUXURY SERVICES LIMITED
    (2) THE REGISTRAR OF CORPORATE AFFAIRS

<u>Defendants</u>

---

## ORDER

---

BEFORE:   The Honourable Justice Gerhard Wallbank [Ag.]

DATED:    23 November 2023

ENTERED:  [5] ~~November~~ December 2023

**UPON THE FIXED DATE CLAIM** filed on behalf of the Claimant for Orders that Platinum
Global Luxury Services Limited (the "**Company**") be restored to the Register of Companies
pursuant to Section 218 of the BVI Business Companies Act 2004 (the "**Act**") and that eligible
insolvency practitioners be appointed as liquidators of the Company in place of the voluntary
liquidator pursuant to Section 211A of the Act coming on for first hearing

**AND UPON** the Claimant's legal practitioners undertaking to file an amended fixed date claim
form forthwith

**AND UPON READING** the affidavit of Angela Barkhouse sworn on 6 July 2023 and Lisa Walmisley sworn on 20 November 2023 together with their respective exhibits

**AND UPON** the Court being satisfied that the Financial Secretary was served with notice of the application

**AND UPON** Ms. Angela Barkhouse and Ms. Toni Shukla consenting to be appointed Liquidators of the Company

**AND UPON** the Claimant by its Counsel undertaking that any outstanding fees and penalties due and payable to the Registrar of Corporate Affairs (the "**Registrar**") shall be paid by the Claimant.

**AND UPON HEARING** Mungo Lowe, Counsel for the Claimant, and Valerie Georges-Thomas, Counsel for the Registrar of Corporate Affairs

**IT IS ORDERED THAT:**

1.  The dissolution of the Company be and is hereby avoided.

2.  Upon payment of all outstanding fees and penalties due and payable to the Registrar by the Liquidators of the Claimant and upon receipt of a sealed copy of this Order, the Registrar be directed to restore the name of the Company to the Register of Companies and issue a certificate of restoration. The restoration has effect from the date and time a copy of the sealed Court Order is filed with the Registrar.

3.  Upon the name of the Company being restored to the Register, the Company is deemed, pursuant to section 218B (6) of the Act, to exist as if it had not been dissolved or struck off the Register. The period of limitation for all causes of action which accrue or have accrued to the Company shall be deemed not to have run for all of the period during which the Company was dissolved.

4.  The Company shall be restored into voluntary liquidation under the supervision of Ms Angela Barkhouse of Quantuma (Cayman) Limited of Suite N404, Flagship Building, 142 Seafarers Way, George Town, Grand Cayman, Cayman Islands and Ms Toni Shukla of Quantuma (BVI) Limited, Coastal Building, PO Box 4171, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands as Liquidators (the "**Liquidators**").

5.  Any action may be taken by one of the Liquidators.

6.  It appearing to the Court on the evidence before it that the Company is insolvent, and that the Claimant is a creditor of the Company, the voluntary liquidation of the Company shall immediately upon restoration continue as an insolvent liquidation under the Insolvency Act 2003 (the "**IA**"). For the purposes of calculating the date of their

appointment, the Liquidators' date of appointment shall be the date of restoration of the Company.

7. The Liquidators shall be appointed as such by the Court under sections 211A of the Act and shall have all the duties and powers conferred upon Court-appointed liquidators by sections 185, 186, and Schedule 2 of the IA (as set out in Annex 1). The Liquidators shall notify the Official Receiver of the Company's insolvency and of such appointment.

8. The Liquidators be granted power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the company initiate and/or defend any and all future proceedings or applications, and to obtain recognition if required, in all foreign jurisdictions.

9. The Court dispenses with the requirement for the Claimant's application for an order appointing the Liquidators under the IA to be advertised, pursuant to section 165 of the IA.

10. Any property which belonged to the Company and which was vested in the Crown upon dissolution and which was not disposed of, be restored to and vests in the Company.

11. The Registrar be served with a sealed copy of this Order within 30 days of the making of the Order.

12. The Financial Secretary be served with a sealed copy of this Order.

13. This Order having been made without notice to the Company, any person who was a lawfully appointed director of the Company on the date of its dissolution may make an application to the Court upon no less than 14 days written notice to the Claimant and the Liquidators for this Order to be discharged or varied in respect of the Company, upon such director showing good cause for this Order to be discharged or varied PROVIDED that any such application must be made in writing and supported by an affidavit of such director no later than 14 days after the service of this Order upon the Company.

14. The Court's file on this matter shall remain sealed until 14 days after the date of service of this Order. The Claimant shall notify the Court office of the date of such service and the Claimant and the Liquidators shall have liberty to apply for the period of sealing to be extended, and generally.

3

15.   The Claimant shall pay the Registrar's costs of the proceedings in the sum of $1,500.

**BY THE COURT**

**REGISTRAR**

## ANNEX 1: POWERS OF THE JOINT LIQUIDATORS

**The following powers may be exercised with the sanction of the court:**

1.  Power to pay any class of creditors in full;

2.  Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having alleged or alleging that they have any claim against the Companies, whether present or future, certain or contingent, ascertained or not;

3.  Power to compromise, on such terms as may be agreed

    i.   calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the Companies and any person;

    ii.  questions in any way relating to or affecting the assets or the liquidation of the Companies; and

4.  Power to carry on the business of the Companies as may be necessary for its beneficial liquidation.

**The following powers may be exercised without the sanction of the court:**

1.  Power to sell or otherwise dispose of property of the Companies;

2.  Power to do all acts and execute, in the name and on behalf of the Companies, any deeds, receipts or other documents;

3.  Power to use the Companies' seal;

4.  Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against this estate and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors;

5.  Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Companies with the same effect with respect to the

Companies' liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Companies in the course of its business;

6.  Power to borrow money, whether on the security of the assets of the Companies or otherwise;

7.  Power to take out in his official name letters of administration to any deceased member or past member or debtor and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Companies;

8.  Power to call meetings of creditors or members for:

    i.    the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

    ii.   the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation;

    iii.  such other purpose connected with the liquidation as the liquidator considers fit;

9.  Power to appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties;

10. Power to appoint an agent to do any business that the liquidator is unable to do himself, or which can be more conveniently done by an agent.

11. Power to take possession, protect and realise the assets of the Companies and to sell or otherwise dispose of its assets; and

12. Power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the Companies.

EASTERN CARIBBEAN SUPREME COURT
BRITISH VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION

IN THE MATTER OF SECTIONS 218 AND 211A
OF THE BVI BUSINESS COMPANIES ACT,
2004
AND IN THE MATTER OF PLATINUM GLOBAL
LUXURY SERVICES LIMITED
AND AN APPLICATION FOR THE
RESTORATION OF A DISSOLVED COMPANY

Claim No. BVIHCOM 2023/0126

BETWEEN

AFFINITY EQUITY INTERNATIONAL
PARTNERS LIMITED (In Liquidation)

<u>Claimant</u>

and

(1) PLATINUM GLOBAL LUXURY SERVICES
LIMITED
(2) THE REGISTRAR OF CORPORATE
AFFAIRS

<u>Defendants</u>

ORDER



3rd Floor, Flemming House, 2 Fishlock Road
Tortola, British Virgin Islands, VG1110
Telephone: 1 (284) 394 9227
mungolowe@bakerandpartners.com
Contact: Mungo Lowe
Legal Practitioners for the Claimant

7

**Case Number :BVIHCOM2022/0077**



**EASTERN CARIBBEAN SUPREME COURT
BRITISH VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION**

**Submitted Date:30/05/2022 09:56**

**Filed Date:30/05/2022 09:56**

IN THE MATTER OF SECTION 218 OF THE BVI BUSINESS COMPANIES ACT, 2004 AND IN
THE MATTER OF TANORE FINANCE CORPORATION, AABAR INVESTMENTS PJS Fees Paid:72.59
LIMITED, AND 1MDB ENERGY HOLDINGS LIMITED

**AND IN THE MATTER OF AN APPLICATION FOR THE RESTORATION OF DISSOLVED
COMPANIES**

**Claim No. BVIHCOM2022/077**

1 MALAYSIA DEVELOPMENT BERHAD

Claimant

and

(1) THE REGISTRAR OF CORPORATE AFFAIRS
(2) TANORE FINANCE CORPORATION
(3) AABAR INVESTMENTS PJS LIMITED
(4) 1MDB ENERGY HOLDINGS LIMITED

Defendants

---

**Order**

---

BEFORE:      The Honourable Mr Justice Wallbank

DATED:           16 May 2022

ENTERED:      1 June 2022

**UPON THE FIXED DATE CLAIM FORM** filed on behalf of the Claimant for an Order that TANORE
FINANCE CORPORATION, AABAR INVESTMENTS PJS LIMITED, and 1MDB ENERGY
HOLDINGS LIMITED (together referred to as the Companies) be restored to the Register of Companies
pursuant to Section 218 of the Business Companies Act 2004 (the **"BCA"**) coming on for first hearing

**AND UPON** reading the affidavit of DATO' SHAMSUL AZRI BIN ABU BAKAR sworn on 9 March
2022

**AND UPON** the Court being satisfied that the First Defendant and the Financial Secretary were served
with notice of the application

1

**AND UPON** Ms Angela Barkhouse, Ms Helen Janes, and Mr Carl Jackson consenting to be appointed Joint Liquidators of each of the Companies

**AND UPON** Hatstone Trust Company (BVI) Limited (**"Hatstone"**) confirming that it will act as Registered Agent of each of the Companies upon restoration

**AND UPON** the Claimant by its Counsel undertaking that the Claimant shall file documentary evidence confirming the standing of DATO' SHAMSUL AZRI BIN ABU BAKAR as a director of the Claimant, to be filed within 14 days of the date of this Order

**AND UPON** hearing Mr Gerard Clarke and Mr Andrew Emery of Counsel for the Claimant and Mr Stephen Grayson of Counsel for the Registrar of Corporate Affairs

**IT IS ORDERED THAT:**

1.    The dissolution of each of the Companies be and is hereby avoided.

2.    Upon payment of all outstanding fees and penalties due and payable to the Registrar of Corporate Affairs (the **"Registrar"**) in respect of each of the Comopanies, the Registrar be directed to restore the name of each of the Companies to the Register of Companies (the **"Register"**) and issue a certificate of restoration. The restoration shall have effect from the date and time a copy of the sealed Court Order is filed with the Registrar.

3.    Upon the name of each of the Companies being restored to the Register, each Company shall be deemed, pursuant to section 218B(6) of the BCA to have continued in existence and not been dissolved or struck off the Register.

4.    Each of the Companies shall be restored into voluntary liquidation and Ms Angela Barkshouse of Quantuma (Cayman) Limited of Suite N404, Flagship Building, 142 Seafarers Way, George Town, Grand Cayman, Cayman Islands, Carl Jackson of Quantuma Advisory Limited of Office D, Beresford House, Town Quay, Southampton, SO14 2AQ, United Kingdom, and Ms Helen Janes of Hyperion Risk Solutions Limited of The Folio Building, Road Town, Tortola, BVI, VG 1110 shall be appointed as Joint Liquidators.

5.    Any action to be taken by the Joint Liquidators may be taken by a majority of two of the three Joint Liquidators.

6.    It appearing to the Court on the evidence before it that each of the Companies is insolvent, and that the Claimant is a creditor of each of the Companies, the voluntary liquidation of the Company shall immediately upon restoration continue as an insolvent liquidation under the Insolvency Act 2003 (**"IA"**). The Joint Liquidators shall be appointed as such by the Court under sections 159 and 162 of the IA and shall have all the duties and powers conferred upon Court-appointed liquidators by sections 185 and 186 of and Schedule 2 to the IA. The Joint Liquidators shall notify the Official Receiver of the Companies' insolvency and of such appointment

7.    The Court dispenses with the requirement for the Claimant's application for an order appointing liquidators under the IA to be advertised, pursuant to section 165 of the IA.

2

6.  Any property which belonged to any each Company and which was vested in the Crown upon dissolution and which was not disposed of, shall be restored to and vests in each Company.

7.  The Registrar shall be served with a sealed copy of this Order.

8.  The Financial Secretary shall be served with a sealed copy of this Order.

9.  This Order having been made without notice to the Companies, any person who was a lawfully appointed director of any one of the Companies on the date of its dissolution may make an application to the Court upon no less than 14 days written notice to the Claimant and to the Joint Liquidators for this Order to be discharged or varied in respect of the Company of which such person was a director, upon such director showing good cause for this Order to be discharged or varied PROVIDED that any such application must be made in writing and supported by an affidavit of such director no later than 14 days after the service of this Order upon the Company in question.

10. The Court's file on this matter shall remain sealed until 14 days after the date of service of this Order on each of the Companies.  The Claimant shall notify the Court office of the date of such service and the Claimant and the Joint Liquidators shall have liberty to apply for the period of sealing to be extended, and generally.

11. The Claimant shall pay the Registrar her costs of the proceedings in the sum of £1500.

**BY THE COURT**



**Dep. REGISTRAR**

3

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
BVIHCOM2022/077
IN THE MATTER OF SECTION 218 OF THE
BRITISH VIRGIN ISLANDS BUSINESS
COMPANIES ACT, 2004

AND IN THE MATTER OF TANORE FINANCE
CORPORATION, AABAR INVESTMENTS PJS
LIMITED, AND 1MDB ENERGY HOLDINGS
LIMITED

AND IN THE MATTER OF AN APPLICATION
FOR THE RESTORATION OF DISSOLVED
COMPANIES

BETWEEN:

**1 MALAYSIA DEVELOPMENT BERHAD**
**Claimant**

AND

(1) **THE REGISTRAR OF CORPORATE**
**AFFAIRS**
(2) **TANORE FINANCE CORPORATION**
(3) **AABAR INVESTMENTS PJS LIMITED**
(4) **1MDB ENERGY HOLDINGS LIMITED**
**Defendants**

---

**Order**

---

Emery Cooke

Helm House, Fish Bay,

Tortola, British Virgin Islands

1 284 541 8809

**Legal Practitioners for the Claimant**

4

**Case Number :BVIHCOM2023/0195**



THE EASTERN CARIBBEAN SUPREME COURT
BRITISH VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION

**Submitted Date:17/11/2023 10:27**

**Filed Date:17/11/2023 10:27**

IN THE MATTER OF THE INSOLVENCY ACT, 2003 (AS AMENDED)
**Fees Paid:72.59**

AND IN THE MATTER OF AN APPLICATION FOR REPLACEMENT OF A JOINT
LIQUIDATOR

CLAIM NO. BVIHC (COM) 195 OF 2023

BETWEEN:

### (1) HELEN JANES

**Applicants**

-and-

| | |
|---|---|
| (1) | **TONI SHUKLA** |
| (2) | **SRC INTERNATIONAL (MALAYSIA) LIMITED (in liquidation)** |
| (3) | **SRC STRATEGIC RESOURCES LIMITED (in liquidation)** |
| (4) | **BRIGHT ORIANDE LIMITED (in liquidation)** |
| (5) | **PRISTINE LINK (BVI) LTD (in liquidation)** |
| (6) | **BRAZEN SKY LIMITED (in liquidation)** |
| (7) | **AFFINITY EQUITY INTERNATIONAL PARTNERS LIMITED (in liquidation)** |
| (8) | **MURASET LIMITED (in liquidation)** |
| (9) | **1MDB ENERGY HOLDINGS LIMITED (in liquidation)** |
| (10) | **TANORE FINANCE CORP (in liquidation)** |
| (11) | **AABAR INVESTMENTS PJS LIMITED (in liquidation)** |
| (12) | **BLACKSTONE ASIA REAL ESTATE PARTNERS LIMITED (in liquidation)** |
| (13) | **VASCO INVESTMENT SERVICES SA (in liquidation)** |
| (14) | **PACIFIC RIM GLOBAL GROWTH LIMITED (in liquidation)** |
| (15) | **SELUNE LIMITED (in liquidation)** |

**Respondents**

---

### ORDER

---

**BEFORE**:     The Honourable Mangatal J

**DATED**:     16 November 2023

1

**ENTERED**: $20$  November 2023

**UPON THE ORIGINATING APPLICATION** filed by the Applicant on 13 October 2023 ("**Application**"), seeking an order for the Applicant to be removed and replaced as a liquidator pursuant to sections 186 and/or 187(b)(iii), sections and section 235 of the BVI Insolvency Act, 2003 (as amended) (the **"Act"**) and/or the inherent jurisdiction of the Court

**AND UPON THE COURT TAKING NOTICE** of Schedule 1 in the Appendix to this Order, the form of consent provided by the First Respondent and the fact of notification given to the Financial Services Commission.

**AND UPON** the Court deeming the matter suitable to be determined on the papers.

**AND UPON READING** the following documents:

a) The Originating Application filed on 13 October 2023;

b) The Affidavit of Helen Janes and Exhibit "HJ1" filed on 13 October 2023.

**IT IS HEREBY ORDERED THAT:**

1. In relation to each of the companies in liquidation listed in Schedule 1 of the Appendix, Ms Toni Shukla shall be appointed as Joint Liquidator thereof in the place of Ms Helen Janes.

2. Ms. Helen Janes is released unconditionally in accordance with s.235(3) of the Insolvency Act 2003.

3. The Applicant shall as soon as practicable:

   a) In respect of each of her appointments which were made by this Court, file a copy of this Order on the Court file in each action in which she was appointed;

   b) In respect of each of her appointments which were not made by this Court, deliver a copy of this Order to the persons who appointed her; and

   c) Advertise the terms of this Order in the Official Gazette of the Territory of the Virgin Islands and in any other newspapers which appear to her to be appropriate.

4. The Applicant shall have the right to be indemnified for the duration of their office in respect of their costs, expenses and remuneration out of the assets of the companies of which they were appointed liquidator as set out in Schedule 1 of the Appendix to this Order.

5. Such further order as the Court thinks fit.

**BY THE COURT**



**REGISTRAR**

3

**APPENDIX**

**Schedule 1**

Companies over which Joint Liquidators were appointed or confirmed by the Court and where the replacement of Helen Janes with Toni Shukla as Joint Liquidator is sought.

| Claim No. BVIHC COM | Liquidators appointed by the Court or by the members | Company Name | Current Liquidators | Liquidator to be replaced | Liquidator to be appointed |
|---|---|---|---|---|---|
| 2022/0239 | Members | SRC INTERNATIONAL (MALAYSIA) LIMITED (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |
| 2022/0239 | Members | SRC STRATEGIC RESOURCES LIMITED (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |
| 2022/0239 | Members | BRIGHT ORIANDE LIMITED (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |
| N/A | Members | PRISTINE LINK LTD (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |
| 2022/0239 | Members | BRAZEN SKY LIMITED (in liquidation) | Angela Barkhouse | Helen Janes | Toni Shukla |

| | | | Carl Jackson<br><br>Helen Janes | | |
|---|---|---|---|---|---|
| 2021/0166 | Court | AFFINITY EQUITY INTERNATIONAL PARTNERS LIMITED (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |
| 2021/0166 | Court | MURASET LIMITED (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |
| 2022/077 | Court | 1MDB ENERGY HOLDINGS LIMITED (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |
| 2022/077 | Court | TANORE FINANCE CORP (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |
| 2022/077 | Court | AABAR INVESTMENTS PJS LIMITED (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |

5

| 2022/076 | Court | BLACKSTONE ASIA REAL ESTATE PARTNERS LIMITED (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |
|---|---|---|---|---|---|
| 2022/074 | Court | VASCO INVESTMENT SERVICES SA (in liquidation | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |
| 2022/073 | Court | PACIFIC RIM GLOBAL GROWTH LIMITED (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |
| 2022/075 | Court | SELUNE LIMITED (in liquidation) | Angela Barkhouse<br><br>Carl Jackson<br><br>Helen Janes | Helen Janes | Toni Shukla |

**THE EASTERN CARIBBEAN SUPREME COURT**
**BRITISH VIRGIN ISLANDS**
**IN THE HIGH COURT OF JUSTICE**
**COMMERCIAL DIVISION**

**IN THE MATTER OF THE INSOLVENCY ACT, 2003 (AS AMENDED)**

**AND IN THE MATTER OF AN APPLICATION FOR REPLACEMENT OF A JOINT LIQUIDATOR**

**CLAIM NO. BVIHC (COM) 195 OF 2023**

**BETWEEN:**

**(1) HELEN JANES**

**Applicants**

**-and-**

| | |
|---|---|
| (1) | **TONI SHUKLA** |
| (2) | **SRC INTERNATIONAL (MALAYSIA) LIMITED (in liquidation)** |
| (3) | **SRC STRATEGIC RESOURCES LIMITED (in liquidation)** |
| (4) | **BRIGHT ORIANDE LIMITED (in liquidation)** |
| (5) | **PRISTINE LINK (BVI) LTD (in liquidation)** |
| (6) | **BRAZEN SKY LIMITED (in liquidation)** |
| (7) | **AFFINITY EQUITY INTERNATIONAL PARTNERS LIMITED (in liquidation)** |
| (8) | **MURASET LIMITED (in liquidation)** |
| (9) | **1MDB ENERGY HOLDINGS LIMITED (in liquidation)** |
| (10) | **TANORE FINANCE CORP (in liquidation)** |
| (11) | **AABAR INVESTMENTS PJS LIMITED (in liquidation)** |
| (12) | **BLACKSTONE ASIA REAL ESTATE PARTNERS LIMITED (in liquidation)** |
| (13) | **VASCO INVESTMENT SERVICES SA (in liquidation)** |
| (14) | **PACIFIC RIM GLOBAL GROWTH LIMITED (in liquidation)** |
| (15) | **SELUNE LIMITED (in liquidation)** |

**Respondents**

---

**ORDER**

---



**3rd Floor, Flemming House**
**2 Fishlock Road, Road Town**
**Tortola, British Virgin Islands**

**Contact: Shaun Reardon-John**
**shaunreardonjohn@bakerandpartners.com**
**Tel: +1 (284) 394-9227**

*EXHIBIT "B"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

Alsen Chance Holdings Limited                    Chapter 15

     Debtor in a Foreign Proceeding.              Case No.:
_____/

In re:

Blackrock Commodities (Global) Limited           Chapter 15

     Debtor in a Foreign Proceeding.              Case No.:
_____/

In re:

Aabar International Investments PJS Limited       Chapter 15

     Debtor in a Foreign Proceeding.              Case No.:
_____/

In re:

Platinum Global Luxury Services Limited          Chapter 15

     Debtor in a Foreign Proceeding.              Case No.:
_____/

In re:

1MDB Energy Holdings Limited                     Chapter 15

     Debtor in a Foreign Proceeding.              Case No.:
_____/

**DECLARATION OF MUNGO LOWE IN SUPPORT OF CHAPTER 15
PETITION FOR RECOGNITION OF FOREIGN PROCEEDINGS**

     I, MUNGO LOWE, hereby declare under penalty of perjury under the laws of the

United States as follows:

1

## BACKGROUND

1.      I am a barrister duly admitted to practice in the British Virgin Islands (the "BVI").  I am a consultant partner in the law firm of Baker and Partners.  Baker and Partners act as BVI counsel to Angela Barkhouse and Toni Shukla, the Liquidators of Alsen Chance Holdings Limited, Blackrock Commodities (Global) Limited, Aabar International Investments PJS Limited, and Platinum Global Luxury Service Limited, and Angela Barkhouse, Toni Shukla and Carl Jackson, the Liquidators of 1MDB Energy Holdings Limited (the "JLs" or "Foreign Representatives"), which are incorporated under the laws of the BVI.

2.      I am over the age of 18 and I am duly authorized to make this declaration acting in my capacity as BVI counsel.  Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true.  Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information obtained through the joint liquidators' investigations and are true to the best of my knowledge, information, and belief.   If called upon, I could testify as to all matters set forth in this declaration.

3.      I am a member in good standing, of the Bar of the BVI.  I hold an MA(Hons) degree in politics and modern history from the University of Edinburgh, a postgraduate diploma in law from City, University of London, and postgraduate diploma in legal practice from BPP University, London. Since my qualification, my practice has focused on commercial litigation and insolvency. I have considerable experience in matters relating to BVI insolvency law and cross-border restructurings, and I am a Fellow of INSOL International. I have advised companies, insolvency practitioners and creditors in respect of insolvency proceedings.

4.      This declaration is confined to compulsory liquidation (also known as compulsory winding up/court liquidation) of companies registered in the BVI.  The Debtors

are registered in, have their principal place of business in, and are in compulsory liquidation in the BVI.

## LIQUIDATION UNDER BVI LAW

5.      The liquidation process in the BVI for an entity is set out in the legislation of its home country, in the BVI Insolvency Act 2003 (the "IA"), the BVI Insolvency Rules 2005 (the "Rules") and the BVI Business Companies Act 2004 (the "BCA").   These laws establish a framework for controlled, court-supervised liquidation and collective reorganization and restructuring of obligations of distressed companies.

6.      Under the BCA, a BVI company may be put into liquidation by a member's resolution to appoint a liquidator, or by appointment by way of an order of the High Court of Justice of the British Virgin Islands (the "BVIs Court").   The BVIs Court may order the winding up of  a company where, for example, there is fraud or mala fides in the formation or running of the company.

7.      The BCA also permits the liquidation of companies that have been struck off or dissolved so long as these companies are restored upon payment of all outstanding fees, among other things, and penalties due to the Registrar of Corporate Affairs.   Section 218(1)(a) of the BCA permits the restoration of a dissolved company for purposes of liquidation and, upon restoration, if the liquidator is of the opinion the company is insolvent and notice has been served on the Official Receiver to this effect, the company's liquidation shall continue as a liquidation under the IA.

8.      BVI Courts have personal jurisdiction over a company in its territory, accordingly, the BVI court has full jurisdiction over any company registered in the BVI that is put into liquidation.

9.      Section 199 of the BCA provides for the appointment of a voluntary liquidator or two or more joint voluntary liquidators.   Where two or more joint voluntary liquidators are

appointed, under Section 199 of the BCA or as a result of an appointment under Section 205A of the BCA, the functions and powers of the voluntary liquidator may be performed or exercised by any one of the voluntary liquidators or by any two or more together, so far as the appointment resolution provides.

10.    The liquidator is appointed under the IA for the duration of the liquidation proceedings.  From appointment, under Section 175 of the IA the liquidators take over the directors' powers and become the authority that causes the company to act.  The liquidators have wide powers to enable them to perform their functions, as set out in Sections 185 and 186 of the IA. The IA authorizes the liquidators to administer the assets and affairs of the BVI companies they are appointed over and to run their business during the course of their liquidations. Liquidators have the power to take possession of, protect and realize the assets of the Debtors and distribute the assets or the proceeds of realization of the assets in accordance with the provisions of the IA. The liquidator is given wide powers for this purpose.

11.    The court issues a Certificate of Appointment for the liquidators confirming their appointment when they are appointed. It does not issue any further certificates confirming the liquidators' authority.  Once a liquidation commences, the liquidator is an officer of the BVI court and subject to the supervision of that court. The liquidators' appointment continues until the liquidation ends or subsequent court order is made changing the liquidator or terminating the liquidation.

12.    Upon their appointment, the liquidators can manage the affairs, business, and property of the Debtors in order to achieve an orderly wind-down and facilitate the recovery of assets for the benefit of creditors.  Actions that the liquidators may take or are taking include but are not limited to: (i) continuing business as usual for trading operations (but, for the avoidance of doubt, not the origination of new business), (ii) agreeing and finalizing the form of support with investors to recover costs incurred in connection with the Debtors' continuing

efforts to assist with recovery of assets; (iii) dealing with any defaulting obligors and taking steps to protect the position of the Debtors or investors; (iv) continuing assistance with subsidiaries to wind up or facilitate a sales process, as applicable, and realize value where possible; (v) continuing to liaise with agents regarding the disposal of remaining assets; (vi) paying liquidation expenses; (vii) agreeing on the claims of the unsecured and preferential creditors and payment of a dividend, if future realizations make this feasible; (viii) paying distributions to the secured creditors of the Debtors; (ix) finalizing the Debtors' tax affairs, and settlement of any post liquidation liabilities, where relevant; and (x) complying with statutory and regulatory obligations, including investigations.

13.    A liquidation can be terminated when the liquidator, after completing its duties, prepares a final report together with a statement of realizations and distributions for the creditors and members.  A liquidation can also be terminated by the BVI Court, upon application by the liquidator, a creditor, director or member, if the BVI Court considers it just and equitable to do so.  The final step once liquidation is completed is the dissolution of the company, after which the company ceases to exist, and no one can then act on behalf of the company.

[Verification in following page]

## <u>28 U.S.C. § 1746 VERIFICATION</u>

I, MUNGO LOWE, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I have the authority to make this Declaration; that I have read the foregoing Declaration; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to the Debtors.

Executed in Bradford, New Hampshire, United States on February 14, 2024.

By: _____

MUNGO LOWE

*EXHIBIT "C"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

Alsen Chance Holdings Limited                     Chapter 15
        Debtor in a Foreign Proceeding.           Case No.: 24-11465

_____/

In re:

Blackrock Commodities (Global) Limited            Chapter 15
        Debtor in a Foreign Proceeding.           Case No.:  24-11466

_____/

In re:

Aabar International Investments PJS Limited        Chapter 15
        Debtor in a Foreign Proceeding.           Case No.: 24-11467

_____/

In re:

Platinum Global Luxury Services Limited           Chapter 15
        Debtor in a Foreign Proceeding.           Case No.: 24-11468

_____/

In re:

1MDB Energy Holdings Limited                    Chapter 15
       Debtor in a Foreign Proceeding.          Case No.:  24-11469

_____/

## ORDER GRANTING RECOGNITION OF FOREIGN
## MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
## THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

This matter came on for hearing on February __, 2024 (the "Hearing"), upon the Petition

[D.E. 1] and *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§*

*1515 and 1517 of the Bankruptcy Code* [D.E. 2] (together, the "Chapter 15 Petition") filed by

Angela Barkhouse and Toni Shukla, the Liquidators of Alsen Chance Holdings Limited, Blackrock

Commodities (Global) Limited, Aabar International Investments PJS Limited, and Platinum

Global Luxury Service Limited, and Angela Barkhouse, Toni Shukla and Carl Jackson, the

Liquidators of 1MDB Energy Holdings Limited.[1]  The Chapter 15 Petition seeks recognition and

related relief, pursuant to Chapter 15 of the Bankruptcy Code, of the liquidation proceedings of

the Debtors[2] pending in the British Virgin Islands (the "Liquidations").  The Court, having

considered the Chapter 15 Petitions and their attachments, the argument of counsel at the Hearing,

and being otherwise duly informed, makes the following order.

The Court finds:

A.      Due and timely notice of the filing of the Chapter 15 Petitions and the Hearing was

given by the Foreign Representatives as directed by this Court.

---

[1] Angela Barkhouse, Toni Shukla and Carl Jackson, serving as liquidators of the Debtors, are collectively referred to as the "Liquidators" or the "Foreign Representatives".

[2] The "Debtors" refer to Alsen Chance Holdings Limited ("Alsen Chance"), Blackrock Commodities (Global) Limited ("Blackrock"), Aabar International Investments PJS Limited ("Aabar International"), Platinum Global Luxury Service Limited ("Platinum Global"), and 1MDB Energy Holdings Limited ("1MDB Energy").

B.      This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334.

C.      Venue of these proceedings is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.      These are core proceedings under 28 U.S.C. § 157(b)(2)(P).

E.      Angela Barkhouse and Toni Shukla, qualify as "foreign representatives", as defined in 11 U.S.C. §101(24), with respect to Debtors Alsen Chance Holdings Limited, Blackrock Commodities (Global) Limited, Aabar International Investments PJS Limited, and Platinum Global Luxury Service Limited.  Angela Barkhouse, Toni Shukla and Carl Jackson, qualify as the "foreign representatives", as defined in 11 U.S.C. §101(24), with respect to 1MDB Energy Holdings Limited.

F.      This Chapter 15 Cases were properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

G.      The Foreign Representatives have met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.      Each of the Liquidations constitute a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.      Each of the Liquidations is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.      The Liquidations are pending in the BVI.  The Debtors' centers of main interests are in the BVI.  Accordingly, each of the Liquidations is a foreign main proceeding under 11 U.S.C. § 1502(4), entitled to recognition as foreign main proceeding under 11 U.S.C. § 1517(b)(1).

3

K.      The Foreign Representatives are entitled to all relief provided under 11 U.S.C. § 1520.

L.      The Foreign Representatives are further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.      The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtors or other parties that is not outweighed by the benefits of the relief being granted.

N.      The Court finds that the interests of the creditors, interested entities, the Debtors, and the Debtors' estates are sufficiently protected by the rights and obligations under the Federal Rules of Bankruptcy Procedure and/or Federal Rules of Civil Procedure governing the taking of discovery.

Accordingly, it is **ORDERED** AND **ADJUDGED** that:

1.      The Liquidations are all granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.      The Liquidations shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.  Unless the Court orders otherwise, any orders of the High Court of the British Virgin Islands Commercial Division (with respect to the Debtors) regarding the administration of the Liquidation shall be given full force and effect and be binding in the United States against all persons and entities.

3.      The Foreign Representatives shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

4.      The provisions of 11 U.S.C. § 1520 apply to this proceeding, including but not limited to the automatic stay of 11 U.S.C. § 362 with respect to the Debtors or property of the Debtors in the United States.

5.      Under 11 U.S.C. § 1521(a)(1), all persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtors or the Debtors' bankruptcy estates located in the United States.

6.      Under 11 U.S.C. §1521(a)(2), all persons and entities are stayed from executing against the assets of the Debtors or the Debtors' bankruptcy estates located in the United States.

7.      Under 11 U.S.C. §1521(a)(3), all persons and entities are prohibited from transferring, encumbering or otherwise disposing of, or exercising control over any assets of the Debtors or the Debtors' bankruptcy estates located in the United States.

8.      Under 11 U.S.C. §1521(a)(4), the Foreign Representatives are authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors or the Debtors' bankruptcy estates pursuant to §1521(a)(4) and the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

9.      Under 11 U.S.C. §1521(a)(5), the Foreign Representatives are entrusted with the full administration and realization of all or a part of the estate and assets of the Debtors within the territorial jurisdiction of the United States.

10.      Under 11 U.S.C. §1521(a)(7), all persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtors or the Debtors' bankruptcy estate located within the territorial jurisdiction of the United States, shall immediately advise the Foreign Representatives by written notice sent to the following addresses:

Attn: Toni Shukla
Quantuma (BVI) Limited
Coastal Building, PO Box 4171
Wickhams Cay II
Road Town, Tortola VG1110
British Virgin Islands

Attn: Angela Barkhouse
Quantuma (Cayman) Limited
10 Market St, #1174 Camana Bay
Grand Cayman KY1-9006

Attn: Gregory S. Grossman
Juan J. Mendoza
Jennifer Mosquera
Sequor Law, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity. The Foreign Representatives shall file with the Court information demonstrating those persons and/or entities to whom they have provided notice of this Order.

11.    Under 11 U.S.C. § 1520(a)(3), unless the Court orders otherwise, the Foreign Representatives are further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12.    Other than a counterclaim to a suit brought by the foreign representatives, no person or entity may commence suit against the Foreign Representatitves in any court, including this Court, in the United States without first obtaining leave of this Court.

13.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (ii) Foreign Representatives are not subject to any stay

in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) Foreign Representatives are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

14.     No action taken by Foreign Representatives in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Liquidations or any order entered in or in respect of the Chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded the Foreign Representatives, including pursuant to 11 U.S.C. §§ 306 and 1510.

15.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

16.     This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtors within the territorial jurisdiction of the United States.

###

Submitted by:
Gregory S. Grossman, Esq.
Juan J. Mendoza, Esq.
Jennifer Mosquera,, Esq.
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Phone: (305) 372-8282
Facsimile: (305) 372-8202
E-mail: ggrossman@sequorlaw.com; jmendoza@sequorlaw.com; jmosquera@sequorlaw.com

*(Juan J. Mendoza shall serve a copy of this Order on all parties entitled to service and file a certificate of service immediately thereafter.)*